UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID V. ROCK, | ) | Case No.: 1:20 CV 255 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| LASHANN EPPINGER, Warden, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court in the above-captioned case is Petitioner David Rock's

("Petitioner" or "Rock") Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C.

§ 2254. (ECF No. 1.) Under Local Rule 72.2, the court referred the matter to the Magistrate Judge

for a Report and Recommendation ("R & R"). For the following reasons, the court adopts the R & R

that the Petition be denied in its entirety.

On February 5, 2020, Rock filed the Petition challenging his conviction and sentence in state

court for operating a vehicle under the influence of alcohol ("OVI") with an OVI specification for

having been convicted of 5 OVI offenses in 20 years ("5 in 20 specification"). (ECF No. 1.) As a

result of the conviction, the trial court sentenced Rock to an aggregate 7 year sentence, which was

based on a 4-year mandatory prison term on the 5 in 20 specification, and a consecutive 3-year prison

term for the OVI charge. (R & R at PageID #1409, ECF No. 20-1.) The Petition asserts the following

three grounds for relief:

GROUND ONE:     Rock's conviction on the 5 in 20 specification was unconstitutional
                because two of the underlying OVI convictions were the result of
                uncounseled pleas.

> GROUND TWO:    Trial counsel was ineffective for failing to investigate his prior OVI convictions and challenge them as unconstitutional for lack of counsel.

> GROUND THREE:  The state withheld, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), evidence that two of Rock's prior OVI convictions were uncounseled.

(Pet. at PageID #5–8, ECF No. 1.) On June 1, 2020, Respondent Lashann Eppinger ("Respondent" or "Warden") filed a Return of Writ. (ECF No. 12.) On October 26, 2020, Rock filed a Traverse to the Return of Writ (ECF No. 18) to which Respondent replied (ECF No. 19) on October 23, 2020.

Magistrate Parker submitted his R & R on September 8, 2021, recommending that the court deny and dismiss the Petition in its entirety because all of Rock's claims are procedurally defaulted. (R & R at PageID #1408, ECF No. 20-1.) In the R & R, Judge Parker noted that "[p]rocedural default occurs when: (1) the state courts didn't review the petitioner's claim on the merits because he didn't comply with some state procedural rule; or (2) he failed to fairly present the claim to the state courts while state court remedies were still available." (R & R at PageID #1424, ECF No. 20-1 (citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)).) Further, Judge Parker explained that "[t]he former occurs when: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court actually enforced the rule; (3) the rule constituted an adequate an independent state ground; and (4) the petitioner cannot overcome his procedural default through cause and prejudice." (R & R at PageID #1424–1425, ECF No. 20-1 (citing *Coleman v. Mitchell*, 268 F.3d 417, 427 (6th Cir. 2001)).) Turning to Rock's grounds for relief, Judge Parker concluded that Rock's first ground for relief is procedurally defaulted in light of the Ohio Supreme Court's determination that his claim is "noncognizable because it could have been raised on direct appeal." (R & R at PageID #1425, ECF No. 20-1.) Next, Judge Parker determined that Rock's second ground for relief is

-2-

procedurally defaulted because the Ohio Supreme Court declined to review his ineffective assistance of counsel claim as it is not cognizable in a habeas corpus proceeding. (*Id*. at PageID #1430.) Last, Judge Parker found that Rock's third ground for relief was procedurally defaulted as the "[t]he Ohio Supreme Court ruled that Rock's *Brady* claim was not cognizable in a state habeas corpus case because the claim could have been raised on direct appeal or in a post-conviction proceeding.") (*Id*. at PageID #1432.)

Objections to the R & R were due by September 22, 2021, but neither party submitted any. Accordingly, this matter is ripe for review.

After careful *de novo* review of the R & R and all other relevant documents in the record, the court finds that Judge Parker's recommendations are fully supported by the record and controlling case law. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). Consequently, Rock's Petition must be dismissed. Accordingly, the court adopts the R & R in its entirety and hereby denies and dismisses the Petition. The court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

November 30, 2021

-3-